Joel C. Golden (SBN 47904)
2356 Moore Street, Suite 201
San Diego, CA 92110
Phone: (619) 294-7918
Fax:    (619) 296-8229

Attorney For Plaintiffs Mark Haywood, Jesse Rose,

Lorraine Rose and Robin Rose

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HAYWOOD, JESSE ROSE, ) | Case No. 17 CV0825-DMS-JMA |
| LORRAINE ROSE, ROBIN ROSE, ) | |
| ) | PLAINTIFFS' SECOND AMENDED |
| Plaintiffs , ) | COMPLAINT FOR DAMAGES FOR: |
| ) | |
| v. ) | 1) CIVIL RIGHTS VIOLATIONS |
| ) | (42 U.S.C. SECTION 1983); |
| ) | 2) RACIAL DISCRIMINATION |
| CITY OF SAN DIEGO, ) | (42 U.S.C. SECTION 1985); |
| AND DOES 1 -25, INCLUSIVE, ) | 3) ASSAULT  IN VIOLATION OF |
| ) | CALIFORNIA PENAL CODE |
| ) | SECTIONS 240; AND |
| ) | 4) BATTERY IN VIOLATION OF |
| ) | CALIFORNIA PENAL CODE |
| ) | SECTION 242; |
| ) | |
| ) | **EACH PLAINTIFF DEMANDS A** |
| ) | **JURY TRIAL ON ALL COUNTS** |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

---

1

*PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES*

Plaintiffs Mark Haywood, Jesse Rose, Lorraine Rose and Robin Rose, by and through their attorney, Joel C. Golden, for their First Amended Complaint against the above-named Defendants allege as follows:

## PARTIES

1) Plaintiff  Mark Haywood is an African-American male whose date of birth is 11/01/96;

2) At all times material each Plaintiff was a resident of San Diego County, California, where all of the acts and/or omissions alleged in this Complaint occurred;

3) At all times herein mentioned, each of  Defendants' principals, officers and directors was the agent and/or employee of  each other Defendant and was at all times material and herein mentioned acting under and within the scope of said agency and employment;

4) The true names and capacities of the Defendants, Does 1-25, Inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs at the time of filing this Second Amended Complaint and Plaintiffs, therefore, sue said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiffs, upon information and belief, believe that each of the Doe Defendants was, at all time material, officers and/or employee of the San Diego Police

2

Department ("SDPD"), a department of Defendant City of San Diego;

5) Does 1 through 25 inclusive are natural persons and at all times relevant were duly appointed law enforcement officers acting under color of law and authority;

6) Defendant City of San Diego at all times material was and is a governmental entity organized under the laws of the State of California;

7) Plaintiffs bring these claims against all Does and sue all public officials in their official and individual capacities;

8) At all times material all Defendants, including Does, acted toward Plaintiffs under color of the statutes, ordinances, customs, and usage of the State of California, County of San Diego and City of San Diego;

## JURISDICTION AND VENUE

9) Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968;

10) Jurisdiction of this court for the pendent state claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966);

11) Venue is proper in the Southern District of California as all of the alleged acts and/or omissions in the Complaint are alleged to have occurred in San Diego County, California;

3

*PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES*

## FACTS COMMON TO ALL CAUSES OF ACTION

12)  On August 5, 2016, Plaintiff Mark Haywood ("Haywood") a nineteen year old African American male, entered Wells Fargo Bank located in San Diego, California on Rosecrans Avenue in the Point Loma neighborhood and attempted to withdraw $20,000 dollars from his Wells Fargo account which had sufficient funds in it for that withdrawal;

13)  Upon the bank employee's request, Mr. Haywood presented appropriate identification including his California Drivers License bearing his photo;

14) The bank employee looked at the photo and then looked again at Mr. Haywood and stated this does not look like you, or words to that effect, and refused to permit him to withdraw the funds;

15) Upon information and belief the bank employee or another employee of the bank, contacted the San Diego Police Department to come to the bank due to a forgery;

16) Within five minutes the SDPD police officers (Doe Defendants) arrived at the bank and approached and detained Mr. Haywood asking him numerous questions about himself and his account without advising him of his Miranda rights despite the fact that he was not free to leave during the interrogation;

17) Mr. Haywood, unaware of his Miranda rights and having nothing to hide, cooperated with the police and answered their questions attempting to assure

*PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES*

them that the account was his and that he is Mark Haywood and provided

details, identification and proof to the police;

18) Despite Mr. Haywood's cooperation and presenting his identification, the

police (Doe Defendants),  violated Mr. Haywood's United States

Constitution's Fourth Amendment rights when, without probable cause to

believe Mr. Haywood had committed a crime, they handcuffed him, arrested

him and transported him to San Diego County Jail where he was booked and

incarcerated for approximately twelve hours until he was released on $50,000

bail bond after a $5000 non-refundable premium was paid on his behalf;

19) Plaintiff Haywood was never charged with a crime as the result of the

incidents on August 5, 2016;

20)  The police (Doe Defendants) also violated Plaintiff  Robin Rose's, Mr.

Haywood's girlfriend who accompanied him to the bank on August 5, 2016,

Fourth and Fifth Amendment rights when they handcuffed and detained her for

approximately four hours without probable cause to believe she had committed

a crime. She had not participated in Mr. Haywood's attempted transaction nor

did the police have any reason to believe she had engaged in any criminal

activity;

21) Robin Rose was also interrogated by the police in violation of her Fifth

Amendment constitutional rights without having been advised of her Miranda

rights when she was not free to leave as she was handcuffed and was forcibly

*PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES*

placed in a police vehicle from which she could not exit as it was locked from the inside where she was detained against her will for approximately four hours;

22) On August 5, 2016, Plaintiff Jesse Rose entered Wells Fargo Bank in downtown San Diego located at 701 "B" Street, and attempted to withdraw $20,000 from his account which withdrawal was denied despite his account having sufficient funds in it for the withdrawal;

23) San Diego City police officers  (Doe Defendants) approached him without first advising him of his Miranda rights and violated his Fourth and Fifth Amendment rights and his rights under the California Constitution Article 1, Sections 1, 7 and 13 when they  interrogated, handcuffed him and detained him for approximately four hours without probable cause to believe he had committed a crime as he fully cooperated with them and followed their commands;

24) Plaintiff Jesse Rose's wife, Plaintiff Lorraine Rose, was also detained and handcuffed by police (Doe Defendants), in violation of her Fourth and Fifth Amendment rights and rights under the California Constitution Article 1, Sections 1, 7 and 13 on August 5, 2016 for approximately four hours without probable cause to believe she had committed a crime. The handcuffing caused her to suffer physical pain and left bruises on her wrist because they were too

*PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES*

tight. SDPD Doe Defendants also interrogated her without advising her of her Miranda rights while she was not free to leave;

25)    As a direct and proximate result of the above-stated actions by Defendants, Plaintiffs have suffered both physical pain and injury, emotional distress, humiliation, embarrassment and deprivation of U.S. and California Constitutional rights and liberties and freedoms for which Defendants are liable.   Plaintiffs have complied with all necessary California administrative notices, Tort Claims Acts and filings prior to filing this action.

## COUNT 1

## VIOLATIONS OF 42 U.S.C. 1983

## UNLAWFUL ARREST, SEARCH AND SEIZURE, DETENTION,

## ASSAULT, BATTERY, RESTRAINT OF LIBERTY

26) Plaintiffs repeat and reallege and incorporate herein by reference the allegations in paragraphs 1 through 25 above with the same force and effect as if herein set forth verbatim;

27) At all times relevant herein, the conduct of all Defendants was subject to 42 U.S.C. secs. 1981, 1983, 1985, 1986, and 1988;

28) Acting under the color of law, Doe Defendants maliciously and oppressively denied Plaintiffs their rights, privileges or immunities secured by the United States

7

Constitution Fourth, Fifth, and Fourteenth Amendments or by Federal law and the California Constitution Article 1, Sections 1, 7 and 13, to wit,

(a) by depriving them of their liberty without due process of law or probable cause to believe any of them had committed a crime, by interrogating and detaining them without first advising them of their Miranda rights in violation of their Fifth Amendment rights, by placing handcuffs on them, and as to Plaintiff Haywood, taking him into custody without a warrant and/or without probable cause and holding him there against his will for approximately twelve hours in violation of Article 1, Sections 1, 7 and 13 of Cal. Constitution;

(b) by making an unreasonable search and seizure of their property and persons without due process of law in violation of their Fourth Amendment rights and California Constitution Art. 1, Secs. 1, 7 and 13 rights;

(c) by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny them equal protection of laws under the U.S. and California Constitutions; and

(d) by refusing or neglecting to prevent such deprivations and denials to them, thereby depriving them of their rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the

8

*PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES*

Constitution of the United States and Article 1, Sections 1, 7, and 13 of the California Constitution.

29)    No Complaint or criminal charges were either brought against or recommended to be filed against Plaintiff Mark Haywood or any other Plaintiff based upon the above-stated incidents and/or events;

30)  As a result of their concerted unlawful and malicious arrest by Doe Defendants of all Plaintiffs they were deprived of their liberty without due process of law and their respective constitutional rights to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and California Constitution Article 1, Sections 1, 7 1 and 13 and 42 U.S.C. sec. 1983;

31)  Defendant City of San Diego employed each of the Doe Defendants as police officers who were acting under color of state law when they deprived Plaintiffs of their constitutional rights. Defendant City of San Diego had and have customs or policies which amount to deliberate indifference to Plaintiffs' constitutional rights and these policies or customs were the driving force behind the deprivation of Plaintiffs' constitutional rights which caused injury to Plaintiffs;

32) WHEREFORE, Plaintiffs demand judgment for use of excessive force, the unlawful arrests and batteries, unlawful searches and seizures, and unlawful

9

interrogations against all the Doe Defendants jointly and severally, and Defendant City of San Diego for actual, general, special, compensatory damages in the amount of $800,000 and further demand judgment against each of said Doe Defendants, jointly and severally, for punitive damages in the amount of $100,000, if and when authorized by the court, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 2

## CONSPIRACY TO DEPRIVE PLAINITFF MARK HAYWOOD. OF CIVIL RIGHTS AND EQUAL PROTECTION

## VIOLATION OF 42 USC SECTIONS 1981-1985

## (RACE DISCRIMINATION)

33) Plaintiff Mark Haywood incorporates by reference the allegations in paragraphs 1 through 32 above with the same force and effect as if herein set forth verbatim;.

34) When the Doe SDPD Defendants arrived at the bank where Mark Hayward was on August 5, 2016, two of them immediately approached Plaintiff Haywood and, acting together, used excessive force against him when they grabbed each of his upper arms, handcuffed him and forced him to move where they began to

*PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES*

interrogate him. One of the Doe Defendants who grabbed him was Caucasian and the other was Hispanic. After detaining him for approximately one hour these same individuals placed him in the back seat of the police vehicle locked from the inside so he could not get out and one of them drove him to the San Diego County Jail while the other one sat in the passenger's front seat. Together they escorted him into the jail;

35)  As a result of the unlawful and malicious concerted acts of these two of the Doe Defendants agreeing to detain, arrest and book Plaintiff Haywood, he was deprived of both liberty without due process of law and his right to equal protection of the laws and basic constitutional rights, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1981 and 1985 and California Constitution Article 1, Sections 1, 7 and 13;

36)    Plaintiff Mark Haywood was denied and deprived of his constitutional rights as stated above when he was subjected to excessive force, handcuffed and arrested and booked and incarcerated for approximately twelve hours, all overt acts in furtherance of the conspiracy, due to the fact that he was and is African-American and these actions of the Doe Defendants in arresting him were motivated due to his race as he was treated less favorably than the other Plaintiffs,

*PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES*

none of who were African American and nor were any of them booked and/or incarcerated and detained for the length of time Mr. Haywood was;

37) WHEREFORE, Plaintiff Haywood demands judgment for the use of excessive force against him, false arrest, assault and battery, against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and for punitive damages against Defendants, if allowed by the court based upon the evidence presented at trial, in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable. "Punitive damages are recoverable in 42 USC 1981 and 1985 claims suit where defendants' conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to Plaintiff's federally protected rights including equal and fair treatment under the law all of which is alleged in this First Amended Complaint.

*PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES*

# COUNT 3

## ASSAULT

## VIOLATIONS OF CALIFORNIA PENAL CODE SECTIONS 240

38)  Plaintiffs repeat and reallege and incorporate by reference herein  the allegations in paragraphs 1 through 37 above with the same force and effect as if herein set forth verbatim;

39)  Doe Defendants without cause and/or lawful reason caused Plaintiffs to reasonably fear for their safety and feared immediate bodily harm to their persons, as any reasonable person would, when approached by SDPD officers in full uniform with visible revolvers in their holsters were handcuffed and detained without justification, consent or probable cause thereby committing an offensive and painful touching of Plaintiffs in violation of California Penal Code Section 240;

40)   Doe Defendants handcuffed and detained Plaintiffs, without justification, consent or probable cause thereby causing them to fear for their safety and immediate bodily harm in violation of California Penal Code Section 240;

41)  As a direct and proximate result of Doe Defendants' assault Plaintiffs each suffered fear and emotional distress for which Doe Defendants are liable. .

13

*PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES*

# COUNT 4

# BATTERY

## VIOLATION OF CALIFORNIA PENAL CODE SECTION 242

42)  Plaintiffs repeat and reallege and incorporate by reference herein  the allegations in paragraphs 1 through 41 above with the same force and effect as if herein set forth verbatim;

43)  Doe Defendants without cause and/or lawful reason to offensively touched each  Plaintiff who was forcibly and unjustifiably handcuffed causing pain and detained without justification, consent or probable cause thereby committing an offensive  touching of Plaintiffs in violation of California Penal Code Section 242;

44)   As a direct and proximate result of Defendants' battery and use of excessive force Plaintiffs each suffered physical harm for which Doe Defendants are liable.

**WHEREFORE,**        Plaintiffs pray that this Court render judgment in their favor against all Defendants Jointly and severally by granting the following relief:

1)  Compensatory damages according to the proof;

2) Exemplary damages against Doe Defendants according to the proof;

3) Reasonable attorneys' fees; and

14

*PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES*

4) Such other relief as the Court deems just and equitable.

Date:    June 23, 2017                    By:s/*Joel C. Golden*

                                        Joel C. Golden (SBN 47904)

                                        Attorney For Plaintiffs

*PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES*