MARA W. ELLIOTT, City Attorney
GEORGE F. SCHAEFER, Assistant City Attorney
ALISON P. ADEMA, Deputy City Attorney
California State Bar No. 149285
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone: (619) 533-5800
    Facsimile: (619) 533-5856

Attorneys for Defendant CITY OF SAN DIEGO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HAYWARD; JESSE ROSE; LORRAINE ROSE; ROBIN ROSE,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; SAN DIEGO POLICE DEPARTMENT; DOES 1-25, Inclusive,<br><br>    Defendants. | Case No. 17cv0825 DMS (JMA)<br><br>**DEFENDANT CITY OF SAN DIEGO'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Dana M. Sabraw<br>Court Room: 13A (Carter/Keep)<br>Trial: Not Set |

Defendant City of San Diego ("Defendant" or "City") answer Plaintiffs MARK HAYWOOD, JESSE ROSE, LORRAINE ROSE and ROBIN ROSE's Second Amended Complaint as follows:

## **PARTIES**

1. Defendant admits that its records reflect MARK HAYWOOD's date of birth as November 1, 1996 and that he is male. Defendant admits that its records identify HAYWOOD as black as well as Native American.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that "[a]t all times material each Plaintiff was a resident of San Diego County, California [.]" Defendant admits that the acts and/or omissions alleged in the Complaint occurred in San Diego County.

3. Defendant admits that officers of the San Diego Police Department ("SDPD") acted within the scope of their employment at all material times in connection with the allegations in the Complaint. Except as specifically admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and on that basis denies each and every additional allegation contained therein.

4. Answering Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

5. The allegations set forth in Paragraph 5 appear to be directed at DOE defendants and not the City, therefore no response is required by this Defendant. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

6. Defendant admits that at all times relevant it was and is a municipal corporation organized under the California Constitution and laws of California.

7. The allegations set forth in Paragraph 7 appear to be directed at DOE defendants and not the City; therefore no response is required by this Defendant. To the extent a response is required by the City, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

8. To the extent the allegations set forth in Paragraph 8 are made against the City, Defendant denies each and every allegation therein.

///

///

///

Document Number: 1535469

2

Case No. 17cv0825 DMS (JMA)

**JURISDICTION AND VENUE**

9. In answering Paragraph 9 of the Complaint, Defendant admits that this Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343 and 28 U.S.C. §1367(a). Except as specifically admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and on that basis denies each and every additional allegation contained therein.

10. In answering Paragraph 10 of the Complaint, Defendant admits that admits that this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a). Except as specifically admitted, Defendant denies each and every additional allegation of this paragraph.

11. Defendant admits that venue is proper in this Court.

**FACTS COMMON TO ALL CAUSES OF ACTION**

12. Defendant admits that on August 5, 2016, Plaintiff HAYWOOD entered Wells Fargo Bank located in San Diego, California on Rosecrans Avenue in the Point Loma neighborhood ("Point Loma Wells Fargo") and attempted to withdraw a large sum from an account he had with the bank. Defendant is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 12 and on that basis denies them.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and on that basis denies them.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and on that basis denies them.

15.     Defendant admits that it received a 911 call on August 5, 2016 from an employee of the Point Loma Wells Fargo branch reporting a fraud or forgery.

16.     Answering Paragraph 16 of the Complaint, Defendant admits that SDPD responded to the Point Loma Wells Fargo branch and contacted and detained HAYWOOD. Except as specifically admitted, Defendant denies each and every additional allegation of this paragraph.

17.     Answering Paragraph 17 of the Complaint, Defendant denies that SDPD did not admonish HAYWOOD of his Miranda rights. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 17 and on that basis denies them.

18.     Answering Paragraph 18 of the Complaint, Defendant denies that SDPD violated HAYWOOD'S rights under the Fourth Amendment to the United States Constitution. Defendant admits that HAYWOOD was handcuffed and transported to the SDPD Central Division, interviewed, placed under arrest, and booked into the San Diego County Central jail. Defendant denies such actions were taken without reasonable or probable cause to believe that HAYWOOD had committed a crime. Defendant admits that HAYWOOD's bail was set for $25,000. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 18 and on this basis denies them.

19.     Answering Paragraph 19 of the Complaint, Defendant admits that after HAYWOOD'S arrest on August 5, 2016, the charges against him were dropped.

20.     Answering Paragraph 20 of the Complaint, Defendant denies that it violated ROBIN ROSE's Fourth and Fifth Amendment rights. Defendant admits that ROBIN ROSE was with HAYWOOD at the Point Loma Wells Fargo branch on August 5, 2016. Defendant further admits that ROBIN ROSE was handcuffed and detained by police. Defendant denies each and every other allegation of Paragraph 20.

21. Answering Paragraph 21 of the Complaint, Defendant admits that ROBIN ROSE was handcuffed and detained by police. Defendant denies that ROBIN ROSE was interrogated by the police in violation of her Fifth Amendment constitutional rights and that she was not advised of her Miranda rights. Defendant denies each and every other allegation of Paragraph 21.

22. Answering Paragraph 22 of the Complaint, Defendant admits that on August 5, 2016, JESSE ROSE entered the Wells Fargo bank location at 701 "B" Street ("Downtown Wells Fargo branch") and attempted to withdraw a significant sum of money from his account. Except as specifically admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 22 and on this basis denies them.

23. Answering Paragraph 23 of the Complaint, Defendant admits that SDPD made contact with JESSE ROSE after responding to a 911 call from the Downtown Wells Fargo branch on August 5, 2016 reporting a forgery or fraud in progress. Defendant denies that it violated JESSE ROSE's Fourth and Fifth Amendment rights and his rights under the California Constitution Article 1, Sections 1, 7 and 13 and that he was not admonished of his Miranda rights. Defendant admits that JESSE ROSE was handcuffed and detained by SDPD. Defendant denies that its actions were without reasonable or probable cause. Except as specifically admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 23 and on this basis denies them.

24. Answering Paragraph 24 of the Complaint, Defendant denies violating LORRAINE ROSE's Fourth and/or Fifth Amendment rights and rights under the California Constitution Article 1, Sections 1, 7 and 13 on August 5, 2016. Defendant admits that LORRAINE ROSE was handcuffed and detained by police. Defendant denies taking these actions without reasonable or probable cause. Except as specifically admitted or denied, Defendant is without knowledge or

information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 24 and on this basis denies them.

25. In answering Paragraph 25 of the Complaint, Defendant denies the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendant admits that on about December 16, 2016, the City received claims on behalf of Plaintiffs. Except as specifically admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies them.

## COUNT 1
## VIOLATION OF 42 U.S.C. § 1983

26. In answering Paragraph 26 of the Complaint, Defendant incorporates by reference each and every admission, denial and allegation of its answer to all of Paragraphs 1 through 25 of the Complaint.

27. In answering Paragraph 27 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and on this basis denies them.

28. In answering Paragraph 28, Defendant denies the allegations of this Paragraph, including but not limited to the allegations of subparagraphs (a), (b), (c) and (d).

29. In answering Paragraph 29, Defendant denies that Haywood was not charged with a criminal violation. Defendant admits that the charge was dropped. Defendant admits that charges were not brought against the other Plaintiffs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph and on this basis denies them.

30. The allegations set forth in Paragraph 30 appear to be directed at DOE defendants and not the City, therefore no response is required by this Defendant.

To the extent a response is required by the City, Defendant denies each and every allegation of Paragraph 30.

31. Defendant admits that it employs the police officers of SDPD. Except as specifically admitted. Defendant denies each and every other allegation of Paragraph 31.

32. To the extent Defendant is required to respond to the demands in Paragraph 32, Defendant denies the allegations of this paragraph.

## COUNT 2
## CONSPIRACY TO DEPRIVE PLAINTIFF MARK HAYWOOD OF CIVIL RIGHTS AND EQUAL PROTECTION
## VIOLATION OF 42 SECTIONS 1981 – 1985
## (RACE DISCRIMINATION)

33. In answering Paragraph 33 of the Complaint, Defendant incorporates by reference each and every admission, denial and allegation of its answer to all of Paragraphs 1 through 32 of the Complaint.

34. Answering Paragraph 34 of the Complaint, Defendant denies that SDPD used excessive force against HAYWOOD in its contact with him on August 5, 2016. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph and on this basis denies them.

35. In answering Paragraph 35, Defendant denies the allegations of this Paragraph.

36. In answering Paragraph 36, Defendant denies the allegations of this Paragraph.

37. To the extent Defendant is required to respond to the demands in Paragraph 37, Defendant denies the allegations of this paragraph.

## COUNT 3
## ASSAULT

38. In answering Paragraph 38 of the Complaint, Defendant incorporates by reference each and every admission, denial and allegation of its answer to all of Paragraphs 1 through 37 of the Complaint.

39. The allegations set forth in Paragraph 39 appear to be directed at DOE defendants and not the City; therefore no response is required by this Defendant. To the extent a response is required by the City, Defendant denies each and every allegation of Paragraph 39.

40. The allegations set forth in Paragraph 40 are directed at DOE defendants and not the City; therefore no response is required by this Defendant. To the extent a response is required by the City, Defendant denies each and every allegation of Paragraph 40.

41. The allegations set forth in Paragraph 41 are directed at DOE defendants and not the City; therefore no response is required by this Defendant. To the extent a response is required by the City, Defendant denies each and every allegation of Paragraph 41.

## COUNT 4
## BATTERY

42. In answering Paragraph 42 of the Complaint, Defendant incorporates by reference each and every admission, denial and allegation of its answer to all of Paragraphs 1 through 41 of the Complaint.

43. The allegations set forth in Paragraph 43 are directed at DOE defendants and not the City, therefore no response is required by this Defendant. To the extent a response is required by the City, Defendant denies each and every allegation of Paragraph 43.

44. The allegations set forth in Paragraph 44 are directed at DOE defendants and not the City, therefore no response is required by this Defendant. To the extent a response is required by the City, Defendant denies each and every allegation of Paragraph 44.

## **AFFIRMATIVE DEFENSES**

As separate, distinct and affirmative defenses to the Complaint on file herein, and to each cause of action, this answering Defendant alleges as follows:

### I

Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### II

Defendant acted in good faith and with a reasonable belief that its conduct was lawful and necessary.

### III

Defendant is immune from liability for punitive damages.

### IV

Defendant was at all times alleged in the Complaint performing duties required by law under conditions required by law.

### V

Any and all acts of Defendant at or near the time alleged in the Complaint were reasonable and Defendant had reasonable cause to act in the manner it did.

### VI

Defendant is not subject to liability for the common law tort of assault and battery and is immune from liability to the extent that its officers and employees are named as defendants in this action and immune.

/ / /

/ / /

**VII**

Defendant is not liable for Plaintiffs' own acts and conduct and/or the acts and conduct of third parties which caused the underlying events at issues in the Complaint to occur, and but for the acts of the Plaintiffs and/or third parties, the events alleged in the Complaint would not have occurred, and/or Plaintiffs would not have been involved or engaged or otherwise subject to the matters alleged in Plaintiffs' Complaint.

**VIII**

The Complaint and/or certain counts, claims and/or causes of action therein is/are barred by operation of law, including the applicable statute of limitations for the claims, causes of action or counts, and/or applicable claims presentation requirements for each, any and/or the causes, counts or claims under California law.

**IX**

Defendant reserves the right to a jury trial.

**X**

Defendant reserves the right to allege, and does affirmatively allege and state, the avoidance and affirmative defenses set forth in Rule 8 as if fully set forth herein, and particularly including assumption of risk, contributory negligence, negligence, estoppel, latches, res judicata, statute of limitations and waiver.

**XI**

A reservation of right is made to allow amendment of the answer, to change or add an answer and/or affirmative defense.

WHEREFORE, Defendant prays judgment as follows:

1. Plaintiffs take nothing by their Complaint;

/ / /

/ / /

/ / /

2. Defendant receives their costs of suit incurred herein and attorney's fees; and

3. Such other relief as the court deems proper.

Dated: July 7, 2017　　　　　　　　　MARA W. ELLIOTT, City Attorney


By */s/ Alison P. Adema*
　　Alison P. Adema
　　Deputy City Attorney

Attorneys for Defendant CITY OF SAN DIEGO
Email: AAdema@sandiego.gov